Martin, J.
delivered the opinion of the court. The petition states that the plaintiff in 1784, bought, jointly with a sister of hers, from Fontenet, a lot of ground in the city of New-Orleans, at the corner of Ursuline and Burgundy streets, having a front of seventy feet on the first, and eighty eight feet on the last. The lot was bounded on both sides by other lots, the property of the *482 vendor. The vendees divided it, and that half, which lies on Burgundy street alone, became the part of the plaintiff, who inclosed and improved it. In 1806, the defendant bought from Montreuil, who had succeeded to the rights of Fontenet, the lot on Burgundy street, adjacent to the plaintiff’s property, and she or her vendor encroached on the plaintiff’s ground, by erecting a frame on part of it.
In 1811, the plaintiff having caused her lotto be surveyed, and satisfied herself that the defendant’s fence was on her ground, pulled down a part of it, and a suit being brought against her, damages were obtained for this injury to the possession of the present defendant’s property: whereupon the now plaintiff brought the present suit to assert her title, and recover the land encroached upon.
The defendant answers that she purchased the ground in dispute from Montreuil, against whom she reserves her right, and pleads the former suit in bar.
Montreuil vs. Jumonville.
The plaintiff in this case sues the defendant on the warranty, in the sale of the lot by him sold to Rochon, the defendant being heir to the plaintiff’s vendor.
*483 The defendant denies all allegations, alleges that in no case can he be liable for more than one third of the injury: there being two other heirs of the vendor Further that Rochon has possessed the ground in dispute during ten years, with a good title and pleads prescription.
There was a verdict in the first case in favor of the plaintiff for the ground in dispute, and one hundred dollars damages, with the expences attending the replacing the fence.
The same jury found a verdict for the plaintiffs in the two other cases.
In this stage of the suits, they were consolidated and the verdicts directed to be recorded.
On the motion of Rochon, a new trial was granted, and there was a verdict for the plaintiff, in the first case, and for the defendants in the two others. Judgments were entered according to the verdicts, and Rochon appealed from the judgment given against her in favor of Esteve.
The statement of facts, admits the purchase and division of the lot, as stated in Esteve's petition, and the inclosure of eighty eight feet *484 four inches, part of which decayed down and part of which still subsists.
The sale of Montreuil to Rochon is also admitted, as well as the erection of a fence by the latter, at the distance of one or two feet from Esteve’s original fence and within the land originally inclosed by Esteve, so that there is only eighty seven feet and four inches from the corner of Ursuline street to the fence erected by Rochon.
It is admitted that in the square, in which the lots in question are situated, there is a deficiency of two feet and seven inches of ground along Burgundy street, and that Rochon had been put in possesion of the lot which she purchased.
Although a rule was made below, after the first verdicts that these three causes should be consolidated, yet in no part of the proceedings, except in the application for and grant of a new trialhave they been considered as consolidated, and there has been a distinct and separate verdict and judgment in each case. This court is bound to consider the cases as distinct and to examine and pass upon them separately, and as Rochon, the only appellant, has only expressed and could only express her dissatisfaction with the judgments rendered against her, in the cases of *485 Esteve and Montreuil, we think the judgment rendered in that of Jumonville vs. Montreuil, cannot be said to be before us.
Esteve having purchased jointly with her sister, from Rochon’s vendor, eighty-eight feet four inches of ground, along Burgundy street, could not be legally reduced to eighty seven feet two inches by her vendor or his vendee.
The original judgment obtained by Rochon, against Esteve, which is now pleaded in bar, was only for the damage done to her fence, it does not pronounce on the title to the ground: the possession alone was considered therein.
The verdict and judgment, of the parish court, wrought no injury to the defendants, and the judgment is therefore affirmed with costs.
In the case of Bochon vs. Montreuil, it is admitted, in the statement of facts, that the defendant was dead, at the time the judgment was given, and this is alleged as an error, which will induce this court to set it aside. The death of either party, prior to judgment, is, according to the common law of England, a good cause of reversal. In that country, and it is believed in any of the United States, except this, the position is incontrovertible.
Tue Spanish law, however, has a different *486 provision, which, as it is unrepealed by any act of our territorial or state legislature, affords to this court the only legitimate rule of conduct. When either party dies, after the contestatio litis, his attorney, shall prosecute it to judgment, si muriesse el senor del pleyto, despues que fuesse commencado, por repuesta, non pierde per esso el personero su poderes . . . deve seguir el pleyto fasta que sea acabado, tambien como se fuesse bivo el que lo fesse personero. Partida 3, 5, 23.
Hennen for appellant, Moreau for the the appellee.
The facts stated, shew that Montreuil sold to, and put Rochon in possession of more ground than he could legally transfer, and that she has been evicted, the verdict and judgment of the parish court, ought therefore, to have been in favor of the plaintiff.
It is therefore ordered, adjudged and decreed that it be annulled avoided and reversed, and this court, proceeding to give such judgment as the court below ought to have given, does order, adjudge and decree, that the plaintiff do recover from the defendant, the sum of thirty dollars, the value of the ground, from which the plaintiff was evicted the costs.